United States District Court
Southern District of Texas
**ENTERED**
July 09, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CAMERON COUNTY, TEXAS, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 1:21-cv-87 | |
| § | | |
| ERIC GARZA, § | | |
|     Defendant. § | | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On April 14, 2021, Cameron County, by and through the Cameron County Commissioners Court, filed a lawsuit against Cameron County Sheriff Eric Garza in the 445th District Court in Cameron County, Texas. Dkt. No. 1-2.  On June 11, 2021, Robert Gracia – the Executive Chief Deputy for the Cameron County Sheriff's Department – filed a petition in intervention in that case, seeking relief from Cameron County. Dkt. No. 1-27.

On June 24, 2021, Cameron County removed this case from the 445th District Court, asserting that Gracia's petition in intervention created federal question subject matter jurisdiction. Dkt. Nos. 1, 6.

The Court is under a continuing obligation to ensure that subject matter jurisdiction is present at all stages of the proceeding. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583-84 (1999). "[A] court sua sponte must raise the issue if it discovers it lacks subject matter jurisdiction." Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 336 (5th Cir. 1999).

After reviewing the record and the relevant case law, it is recommended that the case be remanded to the 445th District Court because this Court lacks subject matter jurisdiction.

**I. Background**

The background of this case is somewhat convoluted.  On April 6, 2021, Rodrigo Almanza, a Sheriff's Department employee, filed a civil rights suit against Sheriff Garza and Gracia, the Executive Chief Deputy, in federal court. Almanza v. Garza, et al., Civil

1

Case No. 1:21-48 (S.D. Tex. 2021) ("Almanza case").  Almanza claimed that Garza and Garcia unlawfully retaliated against him because he supported Garza's opponent in the 2020 election.

On April 14, 2021, Cameron County filed a lawsuit against Garza in the 445th District Court in Cameron County, Texas ("state court case"). Dkt. No. 1-2, p. 3.  That suit claims that Garza usurped the role of the Cameron County Commissioners Court to make decisions about courthouse security. Id.  There were no federal issues in the complaint.  Indeed, Cameron County admitted that the complaint it filed was "nonremovable." Dkt. No. 6, p. 2.

Then, on May 21, 2021, Garza filed an amended answer and counterclaims against Cameron County. Dkt. No. 1-24.  In his counterclaim, Garza alleged that Cameron County was legally required to provide him with legal defense both in the Almanza case and the state court case. Id. (citing TEX. LOC. GOVT. CODE § 157.901 & TEX. CIV. PRAC. & REM. CODE § 102.004).  Again, Cameron County concedes that this counterclaim was "nonremovable." Dkt. No. 6, p. 2.

On June 11, 2021, Gracia filed a petition in intervention in the state court case. Dkt. No. 1-27, p. 1.  Gracia seeks a declaratory judgment that he is entitled to have Cameron County reimburse him for legal fees incurred in the state court case as well as the Almanza case. Id.  Gracia asserts that the Cameron County Commissioners declined to provide him with legal counsel in retaliation against him and Garza, because the Commissioners were unhappy with Garza and Gracia's decisions. Id., p. 3.  Gracia seeks a declaratory judgment that Cameron County Commissioners decision, not to provide legal counsel, violated state law. Id., pp. 2-5.  Gracia does not expressly invoke any claims under 42 U.S.C. § 1983 and states that he is only seeking nonmonetary relief and attorney's fees connected with the filing of the intervention petition. Id.

On June 16, 2021, Garza filed an amended answer and counterclaims, also seeking a declaratory judgment that he is entitled to reimbursement for legal fees incurred in the state court case and the Almanza case. Dkt. No. 1-31, p. 1.

2

On June 24, 2021, Cameron County removed the state court case to this Court, asserting that jurisdiction exists because "[t]he claims asserted by Robert Gracia and Eric Garza could have been filed in this Federal Court pursuant to 28 U.S.C. §1331." Dkt. No. 1, p. 2.

On June 28, 2021, the Court ordered Cameron County to file a brief, explaining how federal jurisdiction was present in this case. Dkt. No. 5.

On July 7, 2021, Cameron County filed its brief. Dkt. No. 6.  Cameron County Commissioners assert that Gracia's petition, in intervention in the state court action, was a § 1983 First Amendment retaliation action, which presented a federal question. Id., p. 3. Cameron County Commissioners further assert that because the petition in intervention raised new claims, not asserted by either Cameron County or Garza, it was a separate and independent suit that could be removed to federal court. Id, p. 7.  Cameron County further assert that this Court has supplemental jurisdiction over the remaining claims. Id.

**II. Applicable Law**

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable" to federal court. 28 U.S.C. § 1441(a)-(b). The party seeking removal bears the burden of showing that jurisdiction exists and that removal is proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Jurisdiction is determined by examining the claims in the state court petition at the time of removal. Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id. "Though a court may not sua sponte remand a case for procedural defects, [28 U.S.C.] § 1447(c) makes clear that a court must remand a case if it determines that it lacks subject matter jurisdiction." Harrison v. Crowley Mar. Corp., 181 F. Supp. 3d 441, 443 (S.D. Tex. 2016).

The Court must "analyze a removal action on the basis of federal question jurisdiction under the well-pleaded complaint rule, which requires disclosure of the federal question on the face of the complaint." Torres v. S. Peru Copper Corp., 113 F.3d 540, 542

(5th Cir. 1997).  While the plaintiff does not need to cite a specific federal statute in order to create a federal question, "he must allege facts sufficient to establish a colorable issue of federal law." Quinn v. Guerrero, 863 F.3d 353, 359 (5th Cir. 2017).  "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." PCI Transportation, Inc. v. Fort Worth & Western Railroad, 418 F.3d 535, 543 (5th Cir. 2005).

### III. Analysis

Cameron County Commissioners assert that Gracia's petition in intervention was a separate and independent claim, allowing it to remove the entire state court case to this Court.  Such a basis for removal hinges on the Commissioners' claim that Gracia's petition in intervention raised a federal claim of First Amendment retaliation. See Dkt. No. 6, pp. 2-3 (County admitting that all other filings made in the state court case are "nonremovable").  However, a careful review of the record shows that no such claim was raised, defeating subject matter jurisdiction.

Gracia's petition in intervention asserted that he was entitled, under state law, to have Cameron County provide him with a legal defense in the state court case and in the Almanza case. Dkt. No. 1-27.  The petition briefly speculated that Cameron County Commissioners refused to provide legal counsel in retaliation for decisions that Garza and Gracia were making in running the Sheriff's Department. Dkt. No. 1-27, p. 3.  The petition in intervention sought non-monetary relief in the form of a declaratory judgment under state law and attorney's fees related to litigating the petition. Id., p. 2.  It did not invoke any federal laws, either expressly or by implication.

When a plaintiff only raises claims under state law, "vague references" to the Constitution or possible federal claims is insufficient to raise a federal question. Quinn v. Guerrero, 863 F.3d 353, 359 (5th Cir. 2017) (referencing the Constitution and "excessive force" was insufficient to raise a federal claim on the face of the complaint when the plaintiff expressly raised state law claims).  A passing reference to federal law does not raise a federal question on the face of the complaint. See MSOF Corp. v. Exxon Corp., 295 F.3d 485, 490 (5th Cir. 2002) (plaintiff's claim that the defendant's facility "was

maintained in violation of federal regulations as well as in violation of state and local regulations" was not sufficient to create a claim arising under federal law).

Gracia did not raise a federal question on the face of the complaint. All of his claims arise solely under state law and do not rely on any construction of federal law to resolve them. The complaint included speculation that Cameron County Commissioners' refusal to provide Gracia with a legal defense was a form of retaliation against him. That reference was insufficient to raise a claim of First Amendment retaliation on the face of the complaint. MSOF Corp., 295 F.3d at 490.

Because Gracia's petition only raised state claims, it did not create federal subject matter jurisdiction. Thus, the Court lacks subject matter jurisdiction over his petition and cannot exercise supplemental jurisdiction over the pendent state law claims. U.S. Oil Recovery Site Potentially Responsible Parties Grp. v. R.R. Comm'n of Tex., 898 F.3d 497, 503 (5th Cir. 2018). Accordingly, the Court must remand the case back to state court. 28 U.S.C. § 1447(c).

## IV. Recommendation

It is recommended that the Court remand this case to the 445th District Court in Cameron County, Texas, pursuant to 28 U.S.C. § 1447(c) on the basis that this Court lacks subject matter jurisdiction.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings

on appeal, except on the grounds of plain error. <u>Alexander v. Verizon Wireless Servs., L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

  DONE at Brownsville, Texas on July 9, 2021.

_____
Ronald G. Morgan
United States Magistrate Judge
