Case 1:21-cv-00087   Document 13   Filed on 07/26/21 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 26, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CAMERON COUNTY, TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-087 |
| | § | |
| ERIC GARZA, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Cameron County, Texas, by and through the Cameron County Commissioners Court, filed this lawsuit in a Texas state court against Cameron County Sheriff Eric Garza.

**I.**

On June 11, 2021, Robert Gracia, the Executive Chief Deputy of the Cameron County Sheriff's Office, filed a petition in intervention, alleging claims against Cameron County. (Petition in Intervention, Doc. 1-27)  Garza has also filed counterclaims against Cameron County that closely resemble Gracia's claims. (Garza's Counterclaims, Doc. 1-31)

On June 24, Cameron County removed the lawsuit to federal court, alleging that Gracia's lawsuit and Garza's counterclaims establish federal question jurisdiction. (Notice, Doc. 1)  Four days later, the Court ordered Cameron County to file a brief explaining how jurisdiction is present. (Order, Doc. 5)  Cameron County complied, arguing that federal question jurisdiction exists because Gracia alleges claims under 42 U.S.C. § 1983 . (Brief, Doc. 6)

On July 9, the Magistrate Judge recommended that the Court remand the matter to state court based on the absence of subject matter jurisdiction. (R&R, Doc. 8)  The Magistrate Judge concluded that "Gracia did not raise a federal question on the face of the complaint." (*Id.* at 5)

Before the deadline to file objections to the Report and Recommendation expired, both Garza and Gracia filed a Motion to Remand and a request that the Court impose sanctions on Cameron County and award Garza and Gracia attorney's fees. (Garza Motion, Doc. 9; Gracia

Motion, Doc. 11)  The Court will consider the motions to remand as arguments in support of the Report and Recommendation.

Cameron County timely filed objections to the Report and Recommendation. (Objections, Doc. 12)  Cameron County's primary objection is with the Magistrate Judge's conclusion that "Gracia did not raise a federal question on the face of the complaint." (R&R, Doc. 8, 5; Objections, Doc. 12)

## II.

The Court has conducted a *de novo* review of the briefing of the parties, the record in this case, and the applicable law.  Based on this review, the Court also concludes that the Petition in Intervention and Garza's counterclaims raise no federal question.  Assuming that Gracia and Garza have the ability to assert a claim under 42 U.S.C. § 1983, it is clear that they have not done so.  "Even if a plaintiff has a federal cause of action, he 'may avoid federal jurisdiction by exclusive reliance on state law.'"  *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) (quoting *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987)).  In addition, Gracia's and Garza's pleadings do not omit to plead any "necessary federal questions."  *Id*.

## III.

Garza and Gracia also request that the Court impose sanctions on Cameron County and award attorney's fees. (Garza Motion, Doc. 9, 8—11; Gracia Motion, Doc. 11, 5—7)  The Court denies these requests.  Given the Magistrate Judge's expedited consideration of the issue of subject matter jurisdiction, the removal has occasioned only a slight delay for the parties.  Garza and Gracia had no need to file their respective motions to remand, as when they did so, the Magistrate Judge had already recommended the same relief.  As a result, Garza and Gracia should have incurred minimal attorney's fees in connection with the removal and now the remand of this lawsuit.

At the same time, the Court recognizes that Cameron County's argument in support of subject matter jurisdiction bordered on frivolous.  The Court recommends to the state court that

if Cameron County continues to take similarly-dubious legal positions in this lawsuit, the state court should also consider Cameron County's meritless removal when determining whether to impose sanctions.

### IV.

As a result, the Court **OVERRULES** Cameron County's objections and **ADOPTS** the Report and Recommendation (Doc. 8).[1]

It is **ORDERED** that this case be **REMANDED** to the 445th District Court in Cameron County, Texas.

It is also **ORDERED** that Defendant's Motion to Remand & Response to Plaintiff's Brief (Doc. 9) is **DENIED AS MOOT**; and

**ORDERED** that Robert Gracia's Amended Motion to Remand and Request for Attorney's Fees, Costs and Expenses (Doc. 11) is **DENIED AS MOOT**.

Signed on July 26, 2021.

_Fernando Rodriguez, Jr._
Fernando Rodriguez, Jr.
United States District Judge

---

[1] Cameron County's second and third objections concern specific statements within the Magistrate Judge's summary of the parties' allegations. Those statements do not bear on the issue of remand and do not constitute findings on any substantive issue. As a result, Cameron County's objections as to these statements do not raise issues that the Court needs to address. The Court overrules the objections as moot.